UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT GRIFFIN BROWN,

    Petitioner,

v.                                      CASE NO: 8:05-CV-607-T-30EAJ
                                              Crim. Case No.: 8:03-CR-294-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This matter is before the Court upon Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #5) filed on March 29, 2005, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #11), and Petitioner's reply to Respondent's response (Dkt. #13). Petitioner challenges the sentence imposed following his 2004 guilty plea for drug and firearm related charges. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

Petitioner, Robert Griffin Brown (hereinafter referred to as "Brown" or "Petitioner"), pled guilty on February 6, 2004, to (1) possession of fifty grams or more of cocaine base with intent to distribute in violation of 21 U.S.C.§841(a)(1) and (b)(1)(A)(iii), (2) possession

of cocaine with intent to distribute in violation of 21 U.S.C. §841(a)(1) and (b)(1)C)(3), possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 944(e), and (4) possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. §924C). On May 21, 2004, the Court sentenced Petitioner to 188 months imprisonment on Counts One, Two, and Three, to be served concurrently, and sixty months imprisonment on Count Four to be served consecutively to the term imposed on Counts One, Two, and Three.

Petitioner did not file a direct appeal. On March 28, 2005, Petitioner timely filed this §2255 petition asserting the following claims for relief:

1. Lawyer deceived Petitioner into signing plea agreement.

2. Lawyer lied and misrepresented the facts of the plea agreement.

3. Lawyer breached the confidentiality of the lawyer/client relationship by telling prosecutor everything Petitioner said.

4. Lawyer failed to let prosecution know that Petitioner changed his mind about the plea agreement.

5. Lawyer failed to object to an irrelevant prior charge, a claim of failure to call credible witnesses for suppression motion hearing, a claim of failure to investigate credibility of informant.

6. Insufficient evidence to support plea under Bailey v. United States.

**Standard of Review**

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the

sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

In some of his claims, Petitioner asserts his counsel was ineffective. Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688.  Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The criterion for attorney performance is that of reasonably effective assistance. The standard of reasonableness is an objective one that may be measured by using professional norms as guidelines. The inquiry is whether counsel's performance was reasonable under the circumstances. In evaluating counsel's performance, the court must be highly deferential of counsel's conduct and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Every

effort should be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

The Eleventh Circuit has reiterated that effective assistance of counsel does not mean errorless assistance, and that an attorney's performance is to be judged on a totality of the circumstances in the entire record rather than on specific actions. Green v. Zant, 738 F.2d 1529, 1536 (11th Cir.), cert denied, 469 U.S. 1098 (1984). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). The courts are free to dispose of ineffectiveness claims on either of Strickland's two grounds. Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998)).

**I.     Petitioner deceived into signing plea agreement by counsel, and lied to by counsel concerning the facts of the plea agreement.**

It is unclear to the Court whether Petitioner in ground one and ground two is claiming to have an oral or verbal agreement in place with the government. Regardless of the nature of the agreement, Petitioner's claim is without merit.

On February 6, 2004, Petitioner, at his change of plea proceeding, pled guilty to the indictment without a plea agreement.[1] During the proceeding, Petitioner acknowledged that no agreement with the government was in place:

> THE COURT: Okay. Now, as far as the penalties for each of these go– well, excuse me just a minute. I've been told you're pleading straight up to these charges without an agreement of any kind; is that true?
>
> MR. BROWN: Yes.
>
> THE COURT: Has anyone made any oral agreement of any kind to get you to plead guilty?
>
> MR. BROWN: No.
>
> THE COURT: Is there any agreement of any kind, Ms. Kaiser, with the defendant?
>
> MS. KAISER (for the government): No, your Honor.[2]

Petitioner, later in the change of plea proceeding, further acknowledged the absence of an oral or written agreement with the government:

> THE COURT: Do you understand that at sentencing, because there is not an agreement that you have with the Government, that the Government would be free to recommend whatever types of penalties they thought were appropriate for these four crimes, as well as whatever issues should be considered under the guidelines? Do you understand that, sir?
>
> MR. BROWN: Yes.[3]

---

[1] See CR DKT#67 at 3.

[2] See CR DKT#67 at 13 (Lines 18-25), 14 (Lines 1-3).

[3] See CR DKT#67 at 19.

Because no agreement was in place with the government, Petitioner is precluded from arguing that counsel deceived him into signing a plea agreement, and subsequently lied concerning the facts of that agreement.

## II. Breach of attorney/client relationship.

Petitioner asserts that his counsel was ineffective for breaching the confidentiality of the lawyer/client relationship. Petitioner contends that counsel told the prosecutor everything Petitioner said to counsel. Petitioner does not specify the information revealed or the prejudice caused. But, assuming arguendo that Petitioner's assertions are correct, Petitioner can show no prejudice. Petitioner has not shown, and hasn't even claimed, that but for counsel's admissions that he would not have pled guilty. On February 6, 2004, at his change of plea proceeding, Petitioner admitted the government could prove the following facts:

> THE COURT: Okay. Please listen carefully now to the facts that I am going to ask the prosecutor to tell me about. And then I am going to ask you if you have any disagreement at all about those facts.
>
> MS. KAISER: Yes, your honor. If this case were to go to trial, the United States would be able to prove as follows. And I point out to the Court there's two minor corrections on the dates which I'll incorporate when I read it.
>
> On October 18th of 2003 in Gulfport in Pinellas County, Florida, law enforcement received information from a confidential source that in the early morning on that date, Robert Griffin Brown had offered the confidential source drugs that he had stored in the trunk of his car, and advised that Brown had several ounces of cocaine in his vehicle. The confidential source described to law enforcement the defendant's vehicle and where the defendant was working, which was at a McDonald's restaurant at 5111 Gulf Port Boulevard South.

Law enforcement responded to the McDonalds and approached Brown who initially denied any knowledge of the drugs. A St. Petersburg canine unit responded to the scene and the drug dog alerted to the presence of narcotics in the vehicle. A subsequent search of the vehicle revealed the defendant being in possession of a maroon cloth bag containing 55.7 grams of cocaine, 51.2 grams of cocaine base, a small amount of marijuana, 38 caliber, 38 special handgun, Serial Number 33720, 37 rounds of 38 special ammunition, a pocket tech 300 scale, $914 in cash in various plastic baggies.

On April 18th, 2003, the defendant was a convicted felon who had been convicted of the following crimes punishable by imprisonment for a term exceeding one year.

Possession and sale of cocaine in the Sixth Judicial Circuit in and for Pinellas County, Florida in Case Number CRC8205144CFANO-1 on or about August 28th, 1986.

Possession of cocaine and carrying a concealed firearm in the Sixth Judicial Circuit in and for Pinellas County, Florida in Case Number CRC87-1133CFANO-1 on or about February 2nd, 1988.

And possession of cocaine in the 6th Judicial Circuit in and for Pinellas County, Florida, in case number CRC89-01718 on or about October 31st, 1994.

Further, the firearm that the defendant possessed was manufactured in Germany. Post-arrest and post-Miranda, the defendant admitted that the revolver was his and that he received the drugs from an individual in Miami.[4]

Having admitted the Government could prove the foregoing facts at trial, Petitioner has acknowledged he could be proven guilty at trial without any reliance by the Government on what defense counsel may have revealed. To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466

---

[4] Petitioner's only objections to the facts were with respect to the weight of the cocaine, and a discrepancy involving a date one of the incidents took place. See CR DKT#67 at 27-29.

U.S. 668, 687 (1984). Because Petitioner cannot show any prejudice regarding counsel's alleged breach, he is not afforded any relief.

### III.     Counsel's failure to notify prosecution of change of plea.

Petitioner asserts that counsel failed to let the prosecution know that petitioner changed his mind about the plea agreement, and was thus ineffective. Petitioner's claim is without merit.

On February 6, 2004, at his change of plea proceeding, the Court made a finding that Petitioner's guilty plea was knowing, intelligent, voluntary, and supported by an independent basis in fact as to each essential element of the offense.[5] Petitioner had a ten day period from the time his guilty plea was found to be knowing, intelligent, voluntary, and supported by an independent basis by the Court to make any objections.

Even if Petitioners assertions are taken as true, he cannot be afforded relief. Petitioner does not state when he made this statement to counsel, nor what reason, if any, he gave counsel to support a withdrawal. Petitioner cannot claim that he made his request to counsel prior to his guilty plea, as the Court made a finding that Petitioner's guilty plea was knowing, intelligent, voluntary, and supported by an independent basis in fact as to each essential element of the offense.

If Petitioner is contending that he intended to change his plea during the ten day period after his guilty plea, any objection would need to be made to the Court, not the

---

[5] See CR DKT#67 at 38.

government, and a reason sufficient to support an objection would have to be given. Petitioner states no reason other than "changing his mind," which is insufficient.

If Petitioner is asserting that he told counsel to tell the government he changed his mind after the ten day period but prior to sentencing, it would again make no difference. Petitioner's counsel would need to file a motion to withdraw the guilty plea with the Court, not the government, and specify a good and sufficient reason other than merely changing his mind.. Lastly, if Petitioner is contending that he told counsel to tell the Government he changed his mind post-sentencing, Petitioner's sole remedy for withdrawing his plea would be to appeal. App.R.4(b)(1)(3) and (4).

Petitioner fails to meet the burden under Strickland to claim ineffective assistance of counsel. Petitioner cannot show under Strickland a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Strickland at 694.

**IV.     Cumulative Error.**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. In support of this claim, Petitioner states:

> Counsel failed to object to an irrelevant prior charge, failed to call credible witnesses for suppression motion hearing, and failed to investigate the credibility of an informant.

Petitioner claims that counsel was ineffective for failing to object to an irrelevant prior charge. Petitioner does not identify what charge counsel failed to object to, why this prior charge was irrelevant, or how counsel's failure to object prejudiced Petitioner. The

Government contends that neither of Petitioner's convictions to which Petitioner objects were even scored against him. Because Petitioner cannot provide the Court with more information relating to the prior charge, Petitioner has not met his burden to show how counsel was ineffective for failing to object. Therefore, Petitioner cannot show under Strickland that his counsel's performance was objectively unreasonable under prevailing professional norms.

Petitioner also claims that counsel was ineffective for failing to call credible witnesses for a motion to suppress hearing. Petitioner asserts that his counsel should have called Mary Glover, the manager of the McDonalds where Petitioner worked and was arrested, who would have testified that "the drug dog did not bark at or near Brown's vehicle, but rather barked at the vicinity of the detective's vehicle when directed to do so."[6] Petitioner's argument is contrary to facts admitted by Petitioner in open court. Petitioner pled guilty to the indictment on February 6 ,2004. At Petitioner's change of plea hearing, Petitioner admitted that the government could prove:

> Law enforcement responded to the McDonalds and approached Brown who initially denied any knowledge of the drugs. A St. Petersburg canine unit responded to the scene and the drug dog alerted to the presence of narcotics in the vehicle. A subsequent search of the vehicle revealed the defendant being in possession of a maroon cloth bag containing 55.7 grams of cocaine, 51.2 grams of cocaine base, a small amount of marijuana, 38 caliber, 38 special handgun, Serial Number 33720, 37 rounds of 38 special ammunition, a pocket tech 300 scale, $914 in cash in various plastic baggies.

---

[6] See CV DKT#13 at 9.

Petitioner is precluded from making this argument. Petitioner's claim of ineffective assistance of counsel relates to ineffectiveness that occurred in the course of a motion to suppress hearing prior to his guilty plea. A guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea. Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) citing Tollett v.Henderson 411 U.S. 258 (1973). Petitioner cannot raise ineffective assistance of counsel claims for alleged violations that occurred prior to his guilty plea.

Lastly, Petitioner claims the counsel was ineffective for failing to investigate the credibility of an informant. Presumably, Petitioner is referring to the informant mentioned in his change of plea proceeding, when he admitted the government could prove:

> On October 18th of 2003 in Gulfport in Pinellas County, Florida, law enforcement received information from a confidential source that in the early morning on that date, Robert Griffin Brown had offered the confidential source drugs that he had stored in the trunk of his car, and advised that Brown had several ounces of cocaine in his vehicle. The confidential source described to law enforcement the defendant's vehicle and where the defendant was working, which was at a McDonald's restaurant at 5111 Gulf Port Boulevard South.
>
> Law enforcement responded to the McDonalds and approached Brown who initially denied any knowledge of the drugs. A St. Petersburg canine unit responded to the scene and drug dog alerted to the presence of narcotics in the vehicle. A subsequent search of the vehicle revealed the defendant being in possession of a maroon cloth bag containing 55.7 grams of cocaine, 51.2 grams of cocaine base, a small amount of marijuana, 38 caliber, 38 special handgun, Serial Number 33720, 37 rounds of 38 special ammunition, a pocket tech 300 scale, $914 in cash in various plastic baggies. [7]

---

[7] See CR DKT# 27-29

The facts admitted by Petitioner make it clear that the probable cause to search Petitioner's car was not contingent upon the credibility of the informant, but on the drug dog who was alerted to the presence of narcotics. The alerting of a drug-sniffing dog to a person's property supplies not only reasonable suspicion, but probable cause to search that property. United States v. Banks, 3 F.3d 399, 402 (11th Cir. 1993). As such, Petitioner's cannot show that his counsel was ineffective under Strickland for failing to investigate the credibility of the informant.

**V.    Failure to object to erroneous charge.**

Petitioner asserts that he is actually innocent of 18 U.S.C. §924(c), and that counsel was ineffective for failing to object to the 924(c) charge, and ineffective for advising Petitioner to plead guilty to the charge. Petitioner's claim is without merit.

On February 6, 2004, Petitioner, at his change of plea proceeding, pled guilty to knowingly carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §924(c).[8] Moreover, Petitioner failed to object to the facts as presented by the government concerning Petitioner's possession of a firearm in furtherance of a drug trafficking offense.[9]

Petitioner now contends that counsel was ineffective and insufficient evidence existed to support a plea of guilty to 18 U.S.C. §924(c) under Bailey v. United States. Petitioner asserts that under Bailey, the use of a firearm must mean more than mere possession and

---

[8] See CR DKT#67.

[9] See CR DKT#67 at 24-28.

require some active employment of the firearm. Bailey at 144. Petitioner argues that no violation of 18 U.S.C. §924(c) occurred because Petitioner did not actively employ a firearm in relation to a drug trafficking offense.

However, Petitioner fails to recognize that 18 U.S.C. §924(c) has been subsequently amended in response to the Bailey decision to include "mere possession" in furtherance of a drug trafficking crime. See U.S. v. Simmons, 154 Fed. Appx. 786 (11th Cir. 2005). Petitioner's argument that "active employment" must be shown for a conviction under 18 U.S.C. §924 (c) is incorrect.

Therefore, Petitioner has failed to show that counsel's performance was deficient under Strickland. To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential. Id. at 689. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Id.  As Petitioner's claim does not satisfy the first prong of Strickland, it is not necessary for this Court to address the second prong in Strickland. Id.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
All Counsel/Parties of Record